# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

### CASE NO: 1:22-cv-05471

DAMARIO ALEXANDER,
individually, and on behalf of all others
similarly situated,

     Plaintiffs,

v.

MLCL GROUP LLC d/b/a
PERSONA BAR & LOUNGE, an
Illinois Limited Liability Company,
REGINALD MARSH, individually,
MARYANN MARSH, individually, and
CHARLES MARTIN, individually,

     Defendants.

_____/

## COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, DAMARIO ALEXANDER ("Plaintiff"), on behalf of himself and all others

similarly situated, files this Collective/Class Action Complaint for Damages and Demand for Jury

Trial against Defendants, MLCL GROUP LLC d/b/a PERSONA BAR & LOUNGE

("PERSONA"), REGINALD MARSH ("R. MARSH"), MARYANN MARSH ("M. MARSH"),

and CHARLES MARTIN ("C. MARTIN") (PERSONA, R. MARSH, M. MARSH, and C.

MARTIN collectively referred to hereinafter as "Defendants") for failure to comply with

provisions of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Act ("IMWA"),

and to recover minimum and overtime wages for certain hours worked for himself and all

Bartender/Servers (hereinafter "Bartender/Servers") who worked within the past 3 years for

Persona Bar & Lounge in Chicago, Illinois, pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105, and in support states as follows:

## INTRODUCTION

1. Workers across the State of Illinois are entitled to a minimum wage that provides a fulfilling life, protects employees from unfair wage competition, and does not force them to rely upon taxpayer-funded public services to avoid economic hardship. This lawsuit arises under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et. seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), et. seq. for Defendants' failure to pay Plaintiff and other similarly situated Bartender/Servers minimum and overtime wages. Defendants have operated Persona Bar & Lounge in Chicago, Illinois, within the past 3 years and have attempted to avail themselves of the tip-credit provisions of the IMWL and FLSA. Those tip credit provisions permit employers of tipped employees to pay wages less than the full minimum wage, so long as employers comply with specific notice and reduced wage requirements. Defendants failed to provide sufficient notice of their intent to rely upon the federal and state tip credits, and otherwise enforced a policy of underpaying Bartender/Servers the applicable reduced wages during the relevant time period. In fact, there were several months within the past 3 years where Defendants paid their Bartender/Servers absolutely no wages at all. Defendants also engaged in a pattern of regularly assigning tipped employees, who were paid sub-minimum wages, to perform an array of duties outside of their tipped occupations for a period of more than 30 continuous minutes without compensating them the full minimum wage. These Bartender/Servers were required to regularly work in exceed of 40 hours per workweek without receiving federal overtime wages for the work they were performing. Plaintiff seeks to stop Defendants from engaging in this unlawful conduct

and to vindicate his rights along with the rights of all similarly situated Bartender/Servers who were employed by Defendants within the past 3 years.

**PARTIES**

2.      Plaintiff and the Class and Collective Members are/were Bartender/Servers who worked for Defendants within the last three (3) years at Persona Bar & Lounge located at 408 S. Wells Street in Chicago, Illinois.

3.      Plaintiff and the Class Members were paid less than the applicable federal and Illinois minimum wage by Defendants for certain hours worked in one or more workweeks.

4.      Plaintiff seeks certification of four (4) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**Tip Notice Collective:**      **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, during the three (3) years preceding this lawsuit, who were not provided the sufficient tip notice under federal law.**

**Tip Credit Collective:**      **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, during the three (3) years preceding this lawsuit, who were not paid the applicable reduced wage under federal law for each hour worked.**

**Substantial Side Work Collective:**      **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, from December 28, 2021, through the present, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.**

**Overtime Collective:**      **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, who worked more than 40 hours in any workweek within the past 3 years**

5.      Members of the proposed Collectives worked for Defendants as Bartender/Servers in the same or identical capacity as Plaintiff within the past 3 years.

6.      Plaintiff also seeks certification of three (3) separate classes under Fed. R. Civ. P. 23 and the Illinois Minimum Wage Act ("IMWA") for violations of the IMWA, as follows:

**Tip Notice Class:**          **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, during the three (3) years preceding this lawsuit, who were not provided the sufficient tip notice under Illinois law.**

**Tip Credit Class:**          **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, during the three (3) years preceding this lawsuit, who were not paid the applicable reduced wage under Illinois law for each hour worked.**

7.      The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of class members for each proposed class exceeds 40 Bartender/Servers.

8.      At all times material hereto, Plaintiff, and members of the putative class, were non-exempt "employees" of Defendants as defined by the IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. § 203(d), and the IWPCA, 820 ILCS 115/2.

9.      At all times material hereto, Defendant, PERSONA, was the "employer" of Plaintiff and each putative class and collective member as that term is defined under IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. § 203(d), and IWPCA, 820 ILCS 115/2.

10.      Defendant, PERSONA's principal address is 408 S. Wells Street, Illinois, within the jurisdiction of this Honorable Court. Defendant, PERSONA, may be served through its registered agent Maryann Marsh, 1212 S. Federal Street Unit C, Chicago, Illinois 60605.

4

11.     Defendant, R. MARSH, is a resident of Chicago, Illinois, and is subject to the jurisdiction of this Honorable Court.

12.     Defendant, M. MARSH, is a resident of Chicago, Illinois, and is subject to the jurisdiction of this Honorable Court.

13.     Defendant, C. MARTIN, is a resident of Chicago, Illinois, and is subject to the jurisdiction of this Honorable Court.

## JURISDICTION & VENUE

14.     This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the IMWA, and the ILCS, to recover damages from Defendants and reasonable attorney's fees and costs. The relief sought under Illinois law in this action is intended to include each and every Bartender/Server who worked for Defendants at any time within the past three (3) years at Persona Bar & Lounge in Chicago, Illinois.

15.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

16.     All acts and omissions giving rise to Plaintiff's claim took place within Chicago, Illinois, which falls within the jurisdiction of this Honorable Court.

17.     This Court has jurisdiction and venue over this Class/Collective Action Complaint, as Defendant's principal address is in Chicago, Illinois, where the subject restaurant operates.

## FLSA COVERAGE

18.     Defendant, PERSONA, is an enterprise covered by the FLSA, and IMWA, and ILCS, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant, PERSONA, had at least two employees engaged in commerce or

in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19.     Defendant, PERSONA's employees handled goods such as napkins, silverware, appliances, liquor, beer, food items, French fries, credit cards, debit cards, restaurant equipment, pens, chairs, tables, vacuum cleaners, steaks, seafood, napkins, silverware, televisions, remote controls, chicken, menus, and other materials that had previously travelled through commerce.

20.     At all material times (during the last five years), Defendant, PERSONA, had an annual gross revenue in excess of $500,000.00 in 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

## INDIVIDUAL EMPLOYER LIABILITY

21.     During all times material hereto, Defendant, R. MARSH, was over the age of 18 years, an officer, owner, and/or managing member of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, PERSONA, during the relevant time period.

22.     During the relevant time period, Defendant, R. MARSH, was Plaintiff's employer and was the employer of similarly situated individuals as that term is defined by applicable law.

23.     During all times material hereto, Defendant, M. MARSH, was over the age of 18 years, an officer, owner, and/or managing member of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, PERSONA, during the relevant time period.

24.     During the relevant time period, Defendant, M. MARSH, was Plaintiff's employer and was the employer of similarly situated individuals as that term is defined by applicable law.

25.     During all times material hereto, Defendant, C. MARTIN, was over the age of 18 years, an officer, owner, and/or managing member of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, PERSONA, during the relevant time period.

26.     During the relevant time period, Defendant, C. MARTIN, was Plaintiff's employer and was the employer of similarly situated individuals as that term is defined by applicable law.

**GENERAL FACTUAL ALLEGATIONS**

27.     Defendants own and operate Persona Bar & Lounge in Chicago, Illinois.

28.     Persona Bar & Lounge provides food and drink services to the general public.

29.     Defendants employed Plaintiff and the Class and Collective Members as "Bartender/Servers" at Persona Bar & Lounge within the past three (3) years.

30.     Plaintiff worked for Defendants as a Bartender/Server from on or about July 2021, through on or about July 2022.

31.     During his employment Plaintiff regularly worked in excess of 40 hours per week.

32.     Plaintiff and Class Members were non-exempt employees of Defendants.

33.     Plaintiff and Class Members' job duties consisted of serving patrons and customers.

34.     The work performed by Plaintiff and Class and Collective Members was an integral part of the business for Defendants.

35.     Defendants controlled and/or remained responsible for the work of Plaintiff and the Class and Collective Members, and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under federal and Illinois law.

36.     Defendants had power to hire and fire Plaintiff and Class and Collective Members.

37.     Defendants enforce pay policies at the subject restaurant and require Plaintiff and Class and Collective Members to comply with these requirements.

38.     Defendants controlled Plaintiff and Class and Collective Members' work schedules by either issuing the schedules themselves and/or delegating this task to managers.

39.     Defendants scheduled Plaintiff and other Class and Collective Members to work certain shifts by either issuing the schedules themselves and/or delegating this task to restaurant managers and supervisors.

40.     Defendants required Plaintiff and other Class and Collective Members to work a certain number of days and hours during the week.

41.     Defendants required Plaintiff and other Class and Collective Members to work on specific days of the week.

42.     Defendants provided training, if needed, that taught the Bartender/Servers what they needed to know in order to work at the bar and lounge.

43.     Defendants determined the rate and the method of payment for Plaintiff and all Bartender/Servers.

44.     Defendants established and enforced the tip credit practices and tip notice policies in the bar and lounge.

## DEFENDANTS FAIL TO PROVIDE TIP NOTICE

45.     The FLSA allows employers to take a tip credit in the amount of $5.12 per hour toward the applicable federal minimum wage of $7.25 per hour for customarily tipped employees so long as the employers provide sufficient notice of the tip credit and pay the customarily tipped employees at least $2.13 per hour.

46.     The State of Illinois allows employers to take a 40% tip credit toward the applicable Illinois minimum wage for customarily tipped employees so long as employers provide sufficient notice of the tip credit and pay the customarily tipped employees at least 60% of the applicable Illinois Minimum Wage per hour.

47.     From October 5, 2019, through December 31, 2019, the Illinois Minimum Wage was $8.25 per hour.

48.     From October 5, 2019, through December 31, 2019, the applicable reduced wage for tipped employees in Illinois was $4.95 per hour.

49.     From January 1, 2020, through June 30, 2020, the Illinois Minimum Wage was $9.25 per hour.

50.     From January 1, 2020, through June 30, 2020, the applicable reduced wage for tipped employees in Illinois was $5.55 per hour.

51.     From July 1, 2020, through December 31, 2020, the Illinois Minimum Wage was $10.00 per hour.

52.     From July 1, 2020, through December 31, 2020, the applicable reduced wage for tipped employees in Illinois was $6.00 per hour.

53.     In 2021, the Illinois Minimum Wage was $11.00 per hour.

54.     In 2021, the applicable reduced wage for tipped employees in Illinois was $6.60 per hour.

55.     From January 1, 2022, through the present the Illinois Minimum Wage is $12.00 per hour.

56.     From January 1, 2022, through the present, the applicable reduced wage for tipped employees in Illinois is $7.20 per hour.

57.     When Plaintiff was hired in July 2021 the Defendants failed to provide Plaintiff with sufficient notice of their intent to rely upon a tip credit under federal and state law.

58.     From July 2021 through March 2022 Plaintiff and other Class and Collective Members were not paid any reduced wage as required by the FLSA and IMWA.

59.     From July 2021 through March 2022 Plaintiff and other Class and Collective Members were only paid by tips left by the bar's customers.

60.     Defendants failed to provide notice of the tip credit to all other Bartender/Servers during the past 3 years and failed to compensate all other Bartender/Servers with the applicable reduced wages in one or more workweeks.

61.     As a result of these widespread violations, Plaintiff and members of the putative classes regularly worked hours for which they did not receive the full and/or reduced federal and/or Illinois minimum wage in one or more workweeks within the past three (3) years.

## DEFENDANTS REQUIRE BARTENDER/SERVERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES PERFORMING NON-TIPPED DUTIES

62.     Starting after December 28, 2021, and continuing through the end of Plaintiff's employment, Plaintiff and members of the putative collective would typically be required to spend more than thirty (30) continuous minutes of a shift performing non-tipped duties and tasks.

63.     This work included slicing fruit, rolling silverware, cleaning drink stations, stocking ice bins, sanitizing sinks, stocking liquor, stocking beer, setting tables, setting chairs, and other activities that are considered "non-tipped" duties and responsibilities that are merely incidental and/or directly related to Bartender/Servers' tipped duties. Additionally, Bartender/Servers were required to move tables and chairs, replace items in the bar area, clean the floors and tables, wash and sanitize dispensing containers, and glassware and ashtrays, burn down ice and rinse ice bins, and other "non-tipped" duties and responsibilities that are merely incident

and/or directly related to the Bartender/Server's tipped duties at the close of a shift. At a minimum, these responsibilities took more than 30 minutes to perform but could take significantly longer on some evenings depending on the volume of business that particular day. Plaintiff and putative Collective Members would perform part of this work but did not receive adequate compensation for this work in accordance with federal and/or Illinois minimum wage.

64.     Defendants failed to keep accurate time and pay records for Plaintiff and Class and Collective Members to designate how much time was spent performing "non-tipped" work.

65.     Plaintiff and members of the putative class are entitled to receive the full Illinois Minimum Wage when they performed more than 30 continuous minutes of "non-tipped" tasks and duties on a particular shift.

66.     Defendants failed to adequately maintain a full and complete account of all hours worked by the Bartender/Servers.

67.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least federal or Illinois' minimum wage for hours worked in each of the preceding three (3) years.

68.     The records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and Class and Collective Members are in the possession, custody, and control of Defendants.

69.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

70.     Defendants were aware of the requirements of the FLSA, the ILWA, and the ILCS, and the pertinent regulations thereto, yet acted willfully and/or intentionally in failing to pay Plaintiff and the class members in accordance with the law.

71.     The applicable statute of limitations under the FLSA is therefore 3 years as opposed to 2 years and the applicable statute of limitations under the ILWA and ILCS is 3 years.

## CLASS ALLEGATIONS

72.     Class members are treated equally and similarly by Defendants, in that they were commonly mistreated by Defendants as they were not paid full and proper Illinois minimum wages for all hours worked.

73.     On information and belief, Defendants employed in excess of 40 class members who were not paid Illinois minimum wage for certain hours worked within the past three (3) years.

74.     Defendants failed to provide Plaintiff and class members the requisite tip notice required under federal and Illinois law.[1]

75.     Defendants failed to pay Plaintiff and class members at least the reduced wage for each hour they worked and failed to pay Plaintiff and class members the full Illinois minimum wage for other hours worked.

76.     Plaintiff and class members worked at the same bar and lounge in Chicago, Illinois.

---

[1] "Tip credits are treated identically under both the Illinois Minimum Wage Act and the federal Fair Labor Standards Act, and so cases on the requirements for a tip credit under the FLSA are also relevant to the requirements of the Illinois Minimum Wage Act." *See, e.g.,* Williams-Green v. J. Alexander's Restaurants, Inc., 277 F.R.D. 374 (N.D. Ill. 2011) *citing* Morgan v. SpeakEasy, LLC, 625 F.Supp.2d 632, 650 (N.D. Ill. 2007); *see, also,* Cho v. Maru Restaursant, Inc., 194 F.Supp.3d 700 (N.D. Ill. 2016) ("The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes") *quoting* Labriola v. Clinton Entm't. Mgmt., LLC, 2016 WL 1106862 at *5 (N.D. Ill. 2016) (collecting cases).

77. Plaintiff and class members performed the same job duties as Bartender/Servers and were paid in an identical manner by Defendants based on Defendants treating the Bartender/Servers as tipped employees but not compensating them in accordance with Illinois law.

78. Plaintiff and class members were not paid proper Illinois minimum wages for all hours worked.

79. Plaintiff and class members were not paid the proper reduced wage for tipped employees for all hours worked.

80. Defendants failed to keep accurate time and pay records for Plaintiff and all class members.

81. Defendants were aware of the requirements of Illinois law yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

82. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay reasonable attorney's fees and costs if he prevails.

83. The claims alleged under Illinois law may be pursued by all similarly situated persons pursuant to Fed. R. Civ. P. 23.

84. The number of individuals in the class is so numerous that joinder of all members is impracticable. The exact number of members of each class can be determined by reviewing Defendants' records. Plaintiff, on information and belief, is aware that there are numerous eligible individuals in the defined class and estimates the class size to be in excess of 40 Bartender/Servers.

85. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel which is experienced and competent in class action employment litigation.

86.     Plaintiff has no interests contrary to or in conflict with the members of the class.

87.     A class action lawsuit, such as this one, is superior to other available means for fair and efficient adjudication of the issues alleged herein.  The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

88.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of Illinois law.

89.     Even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

90.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.  The questions of law and fact common to the class predominate over any questions affecting solely the individual members.  Among the common questions of law and fact are:

a)          Whether Defendants employed Bartender/Servers within meaning of the law;

b)          Whether Defendants uniformly, willfully, and wrongfully failed to pay Bartender/Servers the Illinois minimum wage for all hours worked;

c)        Whether Defendants provided sufficient notice of the tip credit and actually compensated Severs with the applicable reduced wage for each hour worked;

d)        What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

e)        Whether Defendants' failure to compensate Plaintiff and the class members at the applicable Illinois minimum wage was willful, intentional, or done with reckless disregard.

91.       The relief sought is common to the entire class including:

a)        Payment by Defendants of actual damages caused by their failure to pay minimum wages pursuant to Illinois law;

b)        Payment by Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to Illinois law;

c)        Payment by Defendants for damages related to unlawful tip pooling practices; and

d)        Payment by Defendants of the costs and expenses of this action, including attorney's fees to Plaintiff's counsel.

92.       Plaintiff's claims are typical of the claims of members of the class.

93.       Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of Illinois law.

94.       Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class action.

95.       As a result of Defendants' intentional and willful failure to comply with the FLSA and Illinois law, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – COLLECTIVE ACTION FOR TIP NOTICE VIOLATIONS UNDER THE FLSA
### (Tip Notice Collective)

96.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 95 as though set forth fully herein.

97.     Defendants violated the FLSA's provision on minimum wages by attempting to take a tip credit against the applicable federal minimum wage of $7.25 per hour without providing Plaintiff with the required tip notice under federal law.

98.     Defendants failed to provide Plaintiff and members of the putative collective with the appropriate tip notice within the past 3 years.

99.     Defendants therefore forfeit any tip credit under federal law and owe each Bartender/Server *federal minimum wages* for each hour of work they performed within the past 3 years in time periods in which Defendants failed to comply with the tip notice requirements.

100.    Plaintiff and members of the putative collective are entitled to receive at least federal minimum wage for each hour worked.

101.    The federal minimum wage was $7.25 in 2019, 2020, 2021, and 2022.

102.    Plaintiff and members of the putative Tip Notice Collective are similarly situated and were subjected to similar violations of the FLSA. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following Tip Notice Collective for Defendants' failure to pay federal minimum wages:

> **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, during the three (3) years preceding this lawsuit, who were not provided the required tip notice under federal law.**

103.    Defendants allowed these violations of federal law to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

104.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff has been damaged in one or more weeks of work during his employment.

105.     Defendants' willful and/or intentional violation of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

106.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, DAMARIO ALEXANDER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, MLCL GROUP, LLC, REGINALD MARSH, individually, MARYANN MARSH, individually, and CHARLES MARTIN, individually, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT II – COLLECTIVE ACTION FOR TIP CREDIT VIOLATIONS UNDER THE FLSA
### (Tip Credit Collective)

107.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 95 as though set forth fully herein.

108.     Defendants violated the FLSA's provision on minimum wages by attempting to take a tip credit against applicable federal minimum wage without providing Plaintiff with the required reduced wage under federal law.

109.     Defendants failed to provide Plaintiff and members of the putative collective with the appropriate reduced wage in one or more workweeks within the past 3 years.

110.    Defendants therefore forfeit any tip credit under federal law and owe each Bartender/Server *federal minimum wage* for each hour of work they performed within the past 3 years in time periods in which Defendants failed to comply with the reduced wage requirements.

111.    Plaintiff and members of the putative collective are entitled to receive at least federal minimum wage for each hour worked.

112.    The federal minimum wage was $7.25 in 2019, 2020, 2021, and 2022.

113.    Plaintiff and members of the putative Tip Credit Collective are similarly situated and were subjected to similar violations of the FLSA. Plaintiff seeks class certification under 29 U.S.C. 216(b) of the following Tip Credit Collective for Defendants' failure to pay federal minimum wages:

> **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, during the three (3) years preceding this lawsuit, who were not paid the federal reduced wage in one or more workweeks.**

114.    Defendants allowed these violations of federal law to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

115.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff has been damaged in one or more weeks of work during his employment with Defendants.

116.    Defendants' willful and/or intentional violation of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

117.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, DAMARIO ALEXANDER, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, MLCL GROUP LLC d/b/a

PERSONA BAR & LOUNGE, REGINALD MARSH, individually, MARYANN MARSH, individually, and CHARLES MARTIN, individually and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances

### COUNT III – COLLECTIVE ACTION FOR SUBSTANTIAL SIDE WORK VIOLATIONS UNDER THE FLSA
**(Substantial Side Work Collective)**

118.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 95 as though set forth fully herein.

119.    Defendants attempted to claim a tip credit for each hour of work for Plaintiff and all other Bartender/Servers during the relevant time period.

120.    Starting on December 28, 2021, and continuing through the end of Plaintiff's employment, the Defendants violated the FLSA because they required Bartender/Servers to spend thirty (30) or more continuous minutes performing work on non-tipped duties and side work in one or more shifts.

121.    Defendants required Plaintiff and all other Bartender/Servers to spend substantial time working on side work and non-tipped duties and claimed a tip credit for this work (instead of paying these employees the full applicable minimum wage).

122.    Plaintiff and all other similarly situated Bartender/Servers are/were entitled to be paid full federal minimum wage for certain hours worked during their employment.

123.    Plaintiff and members of the putative Substantial Side Work Collective are similarly situated and were subjected to similar violations of the FLSA.  Plaintiff seeks class

certification under 29 U.S.C. § 216(b) of the following Substantial Side Work Collective for Defendants' failure to pay federal minimum wages:

> **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift after December 28, 2021.**

124. Defendants violated the FLSA because they required Bartender/Servers to spend thirty (30) or more continuous minutes performing work on non-tipped duties and side work.

125. Because Plaintiff and all other similarly situated employees were forced to spend thirty (30) or more continuous minutes on tip supporting work, non-tipped duties and side work, Defendants are not permitted to take the applicable tip credit.

126. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

127. Defendants' willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

128. The federal minimum wage was $7.25 in 2019, 2020, 2021, and 2022.

129. Defendants allowed these violations of federal law to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

130. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff has been damaged in one or more weeks of work during his employment with Defendants.

131. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, DAMARIO ALEXANDER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, MLCL GROUP LLC d/b/a PERSONA BAR & LOUNGE, REGINALD MARSH, individually, MARYANN MARSH, individually, and CHARLES MARTIN, individually and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

**COUNT IV – COLLECTIVE ACTION FOR FEDERAL OVERTIME WAGE VIOLATIONS**
**(Overtime Collective)**

132.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 95 as though set forth fully herein.

133.    Defendants required Plaintiff and other similarly situated Bartender/Servers to work more than 40 hours in one or more workweeks of their employment.

134.    Defendants failed to pay Plaintiff and other Bartender/Servers 1.5 times the applicable regular hourly rate when they worked more than 40 hours in a workweek.

135.    Plaintiff and all other similarly situated Bartender/Servers are/were entitled to be paid full federal overtime wages for certain hours worked during their employment.

136.    Plaintiff and members of the putative Overtime Collective are similarly situated and were subjected to similar violations of the FLSA.  Plaintiff seeks class certification under 29 U.S.C. § 216(b) of the following Overtime Collective for Defendants' failure to pay federal overtime wages:

> **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, who worked more than 40 hours in any workweek within the past 3 years.**

137.    Defendants violated the FLSA because they required Bartender/Servers to work more than 40 hours in a workweek but did not compensate these Bartender/Servers applicable federal overtime wages for this work.

138.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal overtime wages for one or more weeks of work.

139.    Defendants' willful and/or intentional violations of law entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

140.    Defendants allowed these violations of federal law to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

141.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, DAMARIO ALEXANDER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, MLCL GROUP LLC d/b/a PERSONA BAR & LOUNGE, REGINALD MARSH, individually, MARYANN MARSH, individually, and CHARLES MARTIN, individually and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances

## COUNT V – RULE 23 CLASS ACTION FOR ILLINOIS MINIMUM WAGE VIOLATIONS
### (Tip Notice Class)

142.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 95 as though set forth fully herein.

143.     Defendants violated the IMWA provision on minimum wages by attempting to take a tip credit against applicable state minimum wages without providing Plaintiff and putative class members with the required tip notice under Illinois law.

144.     Defendants failed to provide Plaintiff and putative class members with the appropriate tip notice within the past 3 years.

145.     Defendants therefore forfeit any tip credit under Illinois law and owe each Bartender/Server *at least* the tip credit taken for each hour of work they performed within the past 3 years in time periods in which Defendants failed to comply with the reduced wage requirements.

146.     Plaintiff and the class members are entitled to receive at least Illinois' minimum wage for certain hours worked.

147.     From October 5, 2019, through December 31, 2019, the Illinois Minimum Wage was $8.25 per hour.

148.     From January 1, 2020, through June 30, 2020, the Illinois Minimum Wage was $9.25 per hour.

149.     From July 1, 2020, through December 31, 2020, the Illinois Minimum Wage was $10.00 per hour.

150.     In 2021, the Illinois Minimum Wage was $11.00 per hour.

151.     In 2022, the Illinois Minimum Wage is $12.00 per hour.

152.     Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the IMWA.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

> **All Bartender/Servers who worked for Defendant at Persona Bar & Lounge in Chicago, Illinois, during the three (3) years preceding this lawsuit,**

**who were not provided the required tip notice under Illinois law.**

RULE 23 CLASS ALLEGATIONS

153. Plaintiff brings this IMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

154. The putative Tip Notice Class members are treated equally and similarly by Defendants, in that they were denied full and proper Illinois minimum wage based upon the Defendants' failure to provide Plaintiff and similarly situated Bartender/Servers the applicable tip notice required under Illinois law for an employer to take a tip credit.

155. *Numerosity:* Defendants employed in excess of 40 Bartender/Servers in the class during the past three (3) years who were not provided the appropriate tip notice when Defendants attempted to take a tip credit under Illinois law. Given Defendants' considerable size and the systematic nature of its failure to comply with Illinois law, the members of the Class are so numerous that joinder of all members is impractical.

156. Plaintiff and the class members were subject to the same policies.

157. *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following:

(a) Whether Plaintiff and the Tip Notice Class were "employees" of Defendants;

(b) Whether Plaintiff and the Tip Notice Class' hours were properly recorded;

(c) Whether Defendants violated the IMWA rights of Plaintiff and the Tip Notice Class under the IMWA by failing to compensate these employees the applicable wage;

(d)     Whether Defendants willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Illinois minimum wages as required under state law;

(e)     Whether Defendants knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(f)     The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Notice Class based upon Defendants' conduct.

158.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from the Defendants' company-wide policy of failing to provide sufficient notice of the tip credit under Illinois law.

159.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.  Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff is interested in pursuing his claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

160.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

161.    Defendants have acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole.  Prosecution of

separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

162.     Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

163.     Plaintiff and the Tip Notice Class members performed the same job duties, as Bartender/Servers, and were paid in an identical manner by Defendants based on Defendants' failure to provide notice to Plaintiff and the Tip Notice Class members of a tip credit.

164.     Plaintiff and the Tip Notice Class members were not paid proper Illinois minimum wage for the hours worked.

165.     Defendants were aware of the requirements of the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

166.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Tip Notice Class members exceeds 40 Bartender/Servers.

167.     This action is intended to include each and every Bartender/Server who worked at Defendants' bar and lounge in Chicago, Illinois, during the past three (3) years and was not provided sufficient tip notice when Defendants attempted to take a tip credit.

168.     During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt employees of Defendants.

169. Plaintiff and the Tip Notice Class members performed work as Bartender/Servers which was an integral part of the business for Defendants.

170. Defendants violated the terms of the IMWA's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members, with proper notification that Defendants would be relying upon a tip credit against the applicable Illinois minimum wages.

171. The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

172. Plaintiffs have complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

173. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

174. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the IMWA.

175. Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

176. The relief sought is common to the entire class including, inter alia:

(a)      Payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the IMWA;

(b)      Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the IMWA as a result of Defendants' intentional and/or willful violations;

(c)      Payment by the Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

177.    Plaintiff and the Tip Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the IMWA.

178.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, DAMARIO ALEXANDER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, MLCL GROUP, LLC, REGINALD MARSH, individually, MARYANN MARSH, individually, and CHARLES MARTIN, individually, and award Plaintiff, and the putative class: (a) unliquidated Illinois minimum wage damages to be paid by Defendants jointly and severally; (b) liquidated damages to be paid by Defendants jointly and severally; (c) all reasonable attorney's fees and costs as permitted under Illinois law to be paid by Defendants jointly and severally, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT VI – RULE 23 CLASS ACTION FOR TIP CREDIT VIOLATIONS UNDER IMWA
**(Tip Credit Class)**

179.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 95 as though set forth fully herein.

180.     Plaintiff and the proposed Tip Credit Class members were subjected to similar violations of the IMWA.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

> **All Bartender/Servers who worked for Defendants at Persona Bar & Lounge in Chicago, Illinois, from October 5, 2019, through the present, who were not paid the reduced wage under Illinois law for each hour worked.**

181.     Illinois law expressly incorporates the FLSA regulations, case law, and administrative interpretations, including Section 203 and the above amendments thereto.[2]

182.     During one or more workweeks within the past 3 years Defendants failed to pay Plaintiff and other similarly situated Bartender/Servers the applicable reduce wage required under Illinois law in order for an employer to take a tip credit.

183.     In 2019, the reduced wage in Illinois for tipped employees was $4.95 per hour.[3]

184.     In 2020, the reduced wage in Illinois for tipped employee was $6.00 per hour.[4]

185.     In 2021, the reduced wage in Illinois for tipped employees was $6.60 per hour.[5]

186.     In 2022, the reduced wage in Illinois for tipped employees is $7.20 per hour.[6]

---

[2] "Tip credits are treated identically under both the Illinois Minimum Wage Act and the federal Fair Labor Standards Act, and so cases on the requirements for a tip credit under the FLSA are also relevant to the requirements of the Illinois Minimum Wage Act." *See, e.g.,* Williams-Green v. J. Alexander's Restaurants, Inc., 277 F.R.D. 374 (N.D. Ill. 2011) *citing* Morgan v. SpeakEasy, LLC, 625 F.Supp.2d 632, 650 (N.D. Ill. 2007); *see, also,* Cho v. Maru Restaursant, Inc., 194 F.Supp.3d 700 (N.D. Ill. 2016) ("The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes") *quoting* Labriola v. Clinton Entm't. Mgmt., LLC, 2016 WL 1106862 at *5 (N.D. Ill. 2016) (collecting cases).

[3] The full Illinois minimum wage in 2019 was $8.25 per hour.

[4] The full Illinois minimum wage in 2020 was $10.00 per hour.

[5] The full Illinois minimum wage in 2021 was $11.00 per hour.

[6] The full Illinois minimum wage in 2022 is $12.00 per hour.

RULE 23 CLASS ALLEGATIONS

187.    Plaintiff brings his IMWA claim arising from the Tip Credit violations as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

188.    In one or more workweeks within the past 3 years the Defendants failed to pay Plaintiff and similarly situated Bartender/Servers at least the Illinois mandated reduced wage for each hour worked.

189.    The Tip Credit Class members are treated equally and similarly by Defendants, in that they were denied full and proper Illinois minimum wage because they failed to pay Bartender/Servers at least the reduced wage required by law.  Plaintiff and the Tip Credit Class members performed the same job duties as Bartender/Servers and were paid in an identical manner by Defendants based on their failure to compensate Bartender/Servers the applicable reduced wage.

190.    *Numerosity:* Defendants employed more than 40 Bartender/Servers in the class during the past three (3) years who were not paid Illinois minimum wage as a result of the Defendants failing to pay Plaintiff and the Tip Credit Class members at least the reduced wage. Given Defendants' size and the systematic nature of its failure to comply with Illinois law, the members of the Tip Credit Class are so numerous that joinder of all members is impractical.

191.    Plaintiff and the class members were subject to the same policies.

192.    *Commonality:* Common questions of law and fact exist as to all members of the Tip Credit Class and predominate over any questions solely affecting any individual member of the Tip Credit Class, including Plaintiff.  Such questions common to the Tip Credit Class include, but are not limited to the following:

(a)     Whether Plaintiff and the Tip Credit Class were "employees" of Defendants;

(b)     Whether Plaintiff and the Tip Credit Class's hours were properly recorded;

(c)     Whether Defendants paid Plaintiff and the Tip Credit Class the applicable reduced wage;

(d)     Whether Defendants violated the Illinois minimum wage rights of Plaintiff and the Tip Credit Class under the Illinois Minimum Wage Act by failing to pay the reduced wage;

(e)     Whether Defendants willfully or intentionally refused to pay Plaintiff and the Tip Credit Class the Illinois minimum wages as required under Illinois law;

(f)     Whether Defendants knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(g)     The nature, extent, and measure of damages suffered by the Plaintiff and the Class based upon Defendants' conduct.

193.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Credit Class. Plaintiff's claims arise from the Defendants' company-wide policy of relying on a tip credit for all Bartender/Servers but failing to actually pay Bartender/Servers a reduced wage. Plaintiff and the class members performed the same job duties, as Bartender/Servers, and were paid in an identical manner by Defendants based on Defendants' failure to compensate all Bartender/Servers the reduced wage.

194.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Credit Class. Plaintiff has no interest that might conflict with the interests of the Tip Credit Class. Plaintiff is interested in pursuing his claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

195. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

196. Defendants have acted on grounds generally applicable to the Tip Credit Class, thereby making relief appropriate with respect to the Tip Credit Class as a whole. Prosecution of separate actions by individual members of the Tip Credit Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Credit Class that would establish incompatible standards of conduct for Defendants.

197. Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Credit Class.

198. Defendants failed to keep accurate time and pay records for Plaintiff and all class members to designate how many hours were not paid at the applicable reduced wage.

199. Defendants were aware of the requirements of the IMWA, and provisions of the FLSA that are incorporated into the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Credit Class members in accordance with the law.

200. The precise size and identity of the Tip Credit Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however,

Plaintiff estimates that the total number of Tip Credit Class members exceeds 40 Bartender/Servers.

201.    Plaintiff and the Tip Credit Class members are entitled to receive at least Illinois' minimum wage, and/or recovery of the applicable tip credit, for each hour worked during the past 3 years.

202.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

203.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived.

204.    Tip Credit Class members are treated equally and similarly by Defendants, in that they were denied full and proper Illinois minimum wage as a result of Defendant's failure to pay the applicable reduced wage.

205.    Defendants were aware of the requirements of the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Credit Class members in accordance with the law.

206.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

207.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely

will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWA.

208.    Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

209.    The relief sought is common to the entire class including, inter alia:

(a)    Payment by the Defendants of actual damages caused by their failure to pay Illinois minimum wages pursuant to the IMWA;

(b)    Payment by the Defendants of liquidated damages caused by their willful and/or intentional failure to pay minimum wages pursuant to the IMWA;

(c)    Payment by the Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

210.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, DAMARIO ALEXANDER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, MLCL GROUP, LLC, REGINALD MARSH, individually, MARYANN MARSH, individually, and CHARLES MARTIN, individually, and award Plaintiff, and the putative Class: (a) unliquidated minimum wage damages to be paid by Defendants jointly and severally; (b) liquidated damages to be paid by Defendants jointly and severally; (c) all reasonable attorney's fees and costs as permitted under Illinois law to be paid by Defendants jointly and severally, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff and Class/Collective Members hereby demand trial by jury on all counts above.

**Dated this 5th of October 2022**.

Respectfully submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33301
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*Catherine@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 5, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

## SERVICE LIST: