IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
[CONSENT CASE]

| | |
|---|---|
| DAMARIO ALEXANDER, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No.: 1:22-cv-05471 ) |
| v. | ) ) |
| MLCL GROUP LLC d/b/a PERSONAL BAR & LOUNGE, an Illinois Limited Liability Company, REGINALD MARSH, individually, MARYANN MARSH, individually, and CHARLES MARTIN, individually | ) ) Magistrate Judge: ) Honorable Young Kim ) ) ) ) |
| Defendants. | ) |

**JOINT MOTION FOR COURT APPROVAL OF COLLECTIVE SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE**

Representative Plaintiff, DAMARIO ALEXANDER ("Representative Plaintiff" or "Plaintiff"), and the Opt-In Plaintiffs (hereinafter "the Settlement Collective"), and Defendants, MLCL GROUP LLC d/b/a PERSONA BAR & LOUNGE, REGINALD MARSH, MARYANN MARSH, and CHARLES MARTIN (collectively "Defendants") (Plaintiff, the Settlement Collective, and Defendants collectively "the Parties") by and through undersigned counsel, hereby file this Joint Motion for Court Approval of Collective Settlement Agreement and Request for Order of Dismissal with Prejudice, as follows:

### I. FACTUAL BACKGROUND

Plaintiffs alleged that Defendants owned and operated Persona Bar & Lounge during time periods within the past 3 years. *See* D.E. 1. Representative Plaintiff, Alexander, alleges that he is

a former Server and Bartender who was employed by Defendants from July 2021 through July 2022. *See* D.E. 1. On October 5, 2022, Alexander filed his Collective/Class Action Complaint for Damages and Demand for Jury Trial against Defendants. *See* D.E. 1 (hereinafter "the Lawsuit").

The Lawsuit alleges that Defendants violated several provisions of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") because Defendants allegedly: (a) failed to provide Servers and Bartenders notice of their intent to rely upon a tip credit; (b) failed to compensate Servers and Bartenders the applicable reduce wage for tipped employees; (c) required Servers and Bartenders to spend more than 30 continuous minutes of their shifts performing non-tipped worked; and (d) required Servers and Bartenders to work more than 40 hours in one or more workweeks without paying them proper overtime wages. Defendants expressly deny all allegations alleged against them.

On March 6, 2023, the Court conditionally certified a collective of all Servers and Bartenders who worked for Defendants in Chicago, Illinois, during the three (3) years preceding this lawsuit. *See* D.E. 17. During the 60-day opt-in period, a total of 4 individuals (including Alexander) filed consents to sue under the FLSA and joined this case. *See* D.E. 10-1; D.E. 24-1; D.E. 27-1; D.E. 31-1. Once the 60-day opt-in period closed the Parties attended a court-supervised settlement conference with Magistrate Judge Young Kim on July 13, 2023. During this settlement conference the Parties were able to better evaluate their claims and defenses and were ultimately successful in reaching a resolution of all claims alleged in this case.

Given the bona fide factual and legal disputes that exist the Parties have now commemorated their resolution into a written settlement agreement ("the Agreement") through counsel and have reached an accord on all material terms. The Agreement affords collective-wide relief and was negotiated over a period of several hours with Counsel for the Collectives keeping

their clients timely informed of the negotiations. The negotiations were focused both on the representations of the Settlement Collective (comprised of 4 individuals) and the data from employment records. Under the Agreement, Plaintiffs will receive a substantial portion of the contested wages and liquidated damages currently claimed to be owed. Each member of the Collectives has approved the portion of the Settlement they will receive. A copy of the fully executed settlement agreement is being contemporaneously provided to the Court. The settlement reached in this case provides Plaintiffs with fair and reasonable compensation for their FLSA claims. *See* Composite of Settlement Agreements Executed in Counterpart as **Ex. A**. Counsel for the Collective is also being compensated reasonable attorney's fees separate and apart from amounts paid the Collective. *See* **Ex.B**. Given the contentious nature of this dispute, a significant amount of time was incurred by Plaintiff's counsel in litigating this case. A full accounting of the reasonable hourly rates and hours billed has been provided to the Court for review. Notably, Plaintiff's counsel is receiving a reduced amount of attorney's fees and costs than what was actually incurred in the successful litigation of these claims. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

    **II.**    **SUMMARY OF THE SETTLEMENT TERMS**

The Parties have submitted the fully executed Settlement Agreement and Release. Plaintiff's counsel has also submitted declarations outlining their experience along with the full lodestars for all timekeepers in this case for review. Plaintiffs are current and former Servers and Bartenders who worked for Defendants between October 5, 2019, and March 6, 2023. In exchange for a full and final release of only wage-related claims (conditioned on Court approval of the

Agreement), Defendants have agreed to pay a total settlement amount of Forty Thousand Dollars ($40,000.00). *See* **Ex. A; Ex. B.**

The amount each member of the Collective will receive is indicated in a spreadsheet on Exhibit A attached to the Fair Labor Standards Act Settlement Agreement and Release. Each and every member of the Collective has agreed to accept their respective settlement amounts in exchange for releasing only wage-related claims against Defendants. *See* Composite of Notices of Acceptance from the Collectives attached to **Ex. A**.

The Parties separately negotiated fair and reasonable attorney's fees based on the amount of time expended and the complexity of the litigation. *See* **Ex. A**. While sizeable, the fees and costs do not impact the claims and were negotiated without regard to the amounts paid to Plaintiffs. In addition, Plaintiff's counsel voluntarily reduced their attorneys' fees to assist with reaching a fair and amicable resolution. The Parties agree that the attorney's fees and costs are a fair and reasonable amount and were necessary for the prosecution of this action particularly in light of the extensive litigation that occurred on these highly fact-specific claims. Plaintiff's lead counsel, Jordan Richards, Esq. billed a reasonable hourly rate of $500.00 per hour. *See* **Ex. B**. Law Clerks working on this case billed a reasonable hourly rate of $150.00 per hour. *Id.* Defendants do not oppose Counsel for the Collective's recovery of fees or expenses and do not object to the reasonableness of Plaintiff's fees and costs or that they were necessary for the successful prosecution of this action. Counsel for the Collective has voluntarily reduced the total amount of fees and costs incurred and has accepted an extended payment plan to assist in getting this matter resolved.

## III. MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc., 679 F.2d at 1353-55; *see also* Pharr v. Highway Specialties, Inc., 2019 WL 131162853, at *1 (N.D. Fla. May 13, 2019); *see also* Perez v. PJ'S Land Clearing & Excavating, Inc., 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage, exemption or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

When scrutinizing the fairness of a settlement for a collective under the FLSA, final certification or decertification is not necessary in order to approve the settlement. *See, e.g.,* Huff v. Bobcat North America, LLC, 2021 WL 268356 at *2 (M.D. Fla. 2021) *citing* Ortiz v. Metters Indus., Inc., M.D. Fla. Case No. 6:17-cv-1879-PGB-DCI; *see, also,* Campbell v. Pincher's Beach Bar Grill, Inc., 2017 WL 2700629 at *1-2 (M.D. Fla. 2017) (final certification of FLSA collective not necessary when approving settlement).

Here, the Parties respectfully submit that the resolution of federal overtime wage claims is fair and reasonable. Without admitting any liability as to the alleged wage violations, Defendants have agreed to pay members of the Collectives an amount disclosed in the Settlement Agreement and Release. *See* **Ex. A.** Pursuant to the Settlement Agreement, each Plaintiff is receiving approximately $5,000.00 in unpaid wages and liquidated damages arising from their employment within the three (3) year statute of limitations. Defendants have agreed to pay this sum in order to avoid the uncertainties inherent in litigation, and negotiated a settlement through counsel that is satisfactory to all Parties. *See* Davidson v. Golden Bay Towers, Inc., 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability). These hotly contested issues would have been heavily litigated through discovery and at summary judgment and during pre-trial briefings and a crushing amount of legal fees and expenses would have been incurred by all Parties.

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. Plaintiffs are being paid a substantial portion of the wages and liquidated damages they allege they are owed. In addition, the attorney's fees and costs payable to Plaintiff's counsel do not create any conflict with the

resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1353. Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter in light of the various contested issues.

## IV.  CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA wages, and request that this Honorable Court approve the Settlement Agreement, enter an Order dismissing all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement through January 31, 2024.

**Dated this 16th day of August 2023.**

Respectfully Submitted,

| | |
|---|---|
| **LATIMER LEVAY FYOCK LLC** | **USA EMPLOYMENT LAWYERS** |
| 55 West Monroe Street, Suite 1100 | **JORDAN RICHARDS, PLLC** |
| Chicago, Illinois 60603 | 1800 SE 10th Ave. Suite 205 |
| Ph: (312) 422-8000 | Fort Lauderdale, Florida 33316 |
| *Counsel for Defendants MLCL Group,* | (954) 871-0050 |
| *Reginald Marsh, and Maryann Marsh* | *Counsel for Plaintiff* |
| By: */s/ Saskia Nora Bryan* | By: */s/ Jordan Richards* |
| SASKIA NORA BRYAN, ESQUIRE | JORDAN RICHARDS, ESQUIRE |
| Illinois Bar No. 6255682 | Illinois Bar No. 6328923 |
| sbryan@llflegal.com | jordan@jordanrichardspllc.com |

**PATTERSON LAW FIRM, LLC**
200 West Monroe Street, Suite 2025
Chicago, Illinois 60606
Ph: (312) 750-1835
*Counsel for Defendant Charles Martin*

By: */s/ Michael Haeberle*
MICHAEL HAEBERLE, ESQUIRE
Illinois Bar No. 6309164
mhaeberle@pattersonlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 16th day of August 2023.

By: <u>*/s/ Jordan Richards*</u>
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

## SERVICE LIST:

**SASKIA NORA BRYAN, ESQUIRE**
sbryan@llflegal.com
LATIMER LEVAY FYOCK LLC
55 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Ph: (312) 422-8000
*Counsel for Defendants, MLCL Group LLC, Reginald Marsh and Maryann Marsh*

**MICHAEL HAEBERLE, ESQUIRE**
mhaeberle@pattersonlawfirm.com
200 West Monroe Street, Suite 2025
Chicago, Illinois 60606
Ph: (312) 750-1835
*Counsel for Defendant Charles Martin*

4855-4366-1169, v. 1